Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ERIK SALAIZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED TAX DEFENSE LLC d/b/a TAX DEFENSE AGENCY, a California limited liability company, and GARY CRAIG,<br><br>Defendants. | Civil Action No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ERIK SALAIZ, individually and on behalf of all others similarly situated, brings this Class Action Complaint against UNITED TAX DEFENSE LLC d/b/a TAX DEFENSE AGENCY ("Defendant") and GARY CRAIG ("Defendant" or together "Defendants") to stop their illegal practice of placing unsolicited phone calls with prerecorded voice messages to the telephones of consumers whose phone numbers were registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

//

//

## NATURE OF THE ACTION

1. Defendant United Tax Defense is a tax preparer. As a part of their marketing, Defendant Gary Craig and Defendant United Tax Defense placed thousands of unsolicited phone calls with prerecorded voice messages to consumers whose phone numbers were registered on the Federal Do Not Call Registry.

2. Defendants did not obtain express written consent prior to placing these unsolicited phone calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

6. By placing phone calls using prerecorded voice messages to people who have registered their phone numbers on the national database, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop their unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

//

//

## PARTIES

8. Plaintiff ERIK SALAIZ is a natural person residing in El Paso, Texas.

9. Defendant UNITED TAX DEFENSE LLC d/b/a TAX DEFENSE AGENCY ("UTD") is a limited liability company organized and existing under the laws of California and can be served via its registered agent Gary W. Craig at 2062 Valley Road, Costa Mesa, California 92627.

10. Defendant GARY W. CRAIG ("Craig") is a natural person and a resident of California, and Chief Executive Officer of UTD, and can be served at 2062 Valley Road, Costa Mesa, California 92627.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has specific personal jurisdiction over Defendants because Defendants caused the violating phone calls to be sent to Plaintiff in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendant United Tax Defense is a tax preparer. Defendant Craig owns and controls Defendant UTD.

15. Defendant Craig creates the script of the calls to be placed by Defendant UTD.

16. Defendant Craig provides Defendant UTD with qualifications a consumer must meet to qualify for UTD's tax relief services.

17. Defendants placed multiple unsolicited phone calls soliciting Plaintiff and the putative class for its tax preparing services.

18. Defendants failed to obtain consent from recipients, nor did it check the Do Not Call registry.

19. As part of their marketing, Defendants make calls to thousands of consumers phone numbers using an artificial or prerecorded voice message.

20. Defendants UTD and Craig have generated substantial profits by violating the TCPA and turning a willful blind eye.

### PLAINTIFF'S FACTUAL ALLEGATIONS

21. Plaintiff registered his personal cell phone number ending in 5210 on the National Do Not Call Registry since June 1, 2021, which was more than 31 days prior to receiving the alleged phone calls.

22. Plaintiff's telephone number 5210 is a residential number and is registered to a cellular telephone service.

23. Plaintiff's telephone number 5210 is not used for commercial purposes.

24. Plaintiff uses telephone number 5210 for personal calls.

25. On June 14, 2024, and June 17, 2024, Plaintiff received a voicemail that contained the same artificial or prerecorded voice message that stated,

Hey, it's Kate Papa. I'm calling from activate center. My phone number is (562) 443-3363 and our file shows that you've got some back taxes still due. I wanted to let you know that you can enroll to have them eliminated with the new zero tax program so any small or large amounts are now non collectible through this program, but you have to enroll. So give me a call back and we can get you all set up it's not gonna take too long it's really a one and done set up so I'll keep the account open through the end of the week so again my number is (562) 443-3363. Thanks.

26. The artificial or prerecorded voice message does not identify Defendant UTD or Defendant Craig.

27. On June 20, 2024, Plaintiff called (562) 443-3363 the phone number left in the voicemails to identify who was behind these illegal robocalls.

28. Plaintiff was connected to a recording that stated,

"Thank you for calling the federal tax resolution department. We called you today to let you know about our new federal tax resolution program that cuts any taxes you owe and have and also eliminates any interest that you're on track to pay as long as you owe over $10,000 of taxes and currently have a job, you should qualify. If you owe over $10,000 in federal taxes and you're currently employed, please press 1 to speak to our sales department."

29. Plaintiff was then connected to an agent employed with Defendant UTD named Peter Conejo.

30. Peter collected Plaintiff's personal information and asked Plaintiff a series of qualifying questions regarding Plaintiff's back taxes, assets, and income.

31. Peter advised Plaintiff that he was approved for Defendant UTD's program and solicited Plaintiff for UTD's services.

32. Peter advised Plaintiff there would be a flat fee of $495 to get started for the first phase of the investigation.

33. Plaintiff received an email from Peter from email peter@unitedtaxdefense.com that contained a power of attorney document for Plaintiff to sign. *See Exhibit A*.

34. Page one of the power of attorney document list Defendant Craig as the representative. *See Exhibit B*.

35. Plaintiff did not give his prior express written consent to receive any of the alleged calls.

36. None of the alleged calls were made to Plaintiff for emergency purposes.

37. Defendants employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statues.

38. Defendants have knowledge of and have adopted and maintained TCPA violations as a sales strategy.

39. Defendant Craig refuses to take any action to stop or curtail the unlawful sales practices that violate the TCPA because these practices benefit Defendants UTD and Craig financially.

40. Neither Defendants are registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain any registration by Defendants.

41. Neither Defendants qualify for an exemption under § 302.053.

42. Upon information and belief, Defendants did not train their agents who engaged in telemarketing, on the existence and use of their internal do not call policy, as Defendants failed to recognize Plaintiff's personal cell phone 5210 is registered on the National Do-Not-Call Registry.

43. Plaintiff was harmed by the calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

44. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## **DEFENDANT CRAIG IS PERSONALLY LIABLE**

45. Defendant Craig refuses to take any action to stop or curtail the unlawful sales practices and illegal robocalls because these practices benefit Defendant Craig financially when UTD signs up new clients.

46. Defendant Craig personally participated in the calls alleged herein because Defendant Craig authorized Defendant UTD to make telemarketing calls to thousands of consumers residential phone numbers.

47. Defendant Craig personally directed the phone calls be made and oversaw the telephone solicitation campaign.

48. At all times material to the Complaint, acting alone or in concert with others, Defendant Craig has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendant UTD including the acts or practices set forth in this Complaint.

49. Defendant Craig is the principal director and operator of Defendant UTD, controls the day-to-day operations of Defendant UTD and directed UTD to make TCPA violating phone calls to solicit UTD's services.

50. Defendant Craig knowingly and willfully ignores the law. These violations are the direct result of the instructions Defendant Craig has given to UTD.

51. Defendant Craig is the sole director of Defendant UTD and the only person with the power to make the unlawful, fraudulent, and unethical behavior stop. Yet, Defendant Craig has taken no steps to stop the behavior because the behavior benefits Defendants Craig and UTD financially.

## CLASS ALLEGATIONS

52. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendants placed call(s) to the person's phone number
>
> **Texas Subclass**. All persons in Texas who: (1) from the last 4 years to present (2) Defendants placed call(s) to the person's phone number

53. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

54. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed phone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

55. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited messages.

56. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

57. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

58. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether the phone calls were caused by Defendants;
   b. Whether the phone calls promoted Defendants' products or services;
   c. Whether Defendants checked the phone numbers to be called against the Federal Do Not Call registry;
   d. Whether Defendants obtained written express consent prior to placing the phone calls;
   e. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

59. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this

controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice Messages**
**(On behalf of Plaintiff and the TCPA Class)**

60. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

61. Defendants placed telephone calls to Plaintiff's and the Class members' telephones without having their prior express written consent to do so.

62. The calls played an artificial or prerecorded voice message.

63. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

64. Defendants and/or its agent made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

65. If the court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

//

//

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the Class)**

66.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67.  The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

68.  Defendants sent phone calls to the telephone numbers of Plaintiff's and the Class.

69.  Defendants failed to obtain recipients' prior written consent to do so.

70.  Defendants placed phone calls for the commercial purpose of selling Defendants' services to consumers.

71.  Defendants' actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

72.  Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

73.  Plaintiff also seeks a permanent injunction prohibiting Defendants from placing phone calls to telephone numbers listed on the Federal Government's National Do Not Call Registry.

**THIRD CAUSE OF ACTION**
**Violations of The Texas Business and Commerce Code § 305.053**
**(On behalf of Plaintiff and the Texas Subclass)**

74.  Plaintiff incorporates the foregoing allegations as if set forth herein.

75.  The foregoing acts and omissions of Defendants telemarketer and/or agents constitute multiple violations of the Texas Business and Commerce Code § 305.053, by making non-emergency telemarketing calls to Plaintiff's cellular telephone number without his prior express written consent in violation of 47 U.S.C. § 227 et seq.

76.  Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Business and Commercial Code § 17.505(a) to Defendant, but Defendant did not respond.

77. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Business and Commerce Code 305.053(b).

78. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Business and Commerce Code § 305.053(c).

## FOURTH CAUSE OF ACTION
**Violations of Texas Business and Commerce Code 302.101
Failure to obtain a Telephone Solicitation Registration Certificate
(<u>On behalf of Plaintiff and the Texas Subclass</u>)**

79. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

80. Defendants' agents made solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

81. As a result of Defendant's violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. and Com. Code 302.302(a).

82. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Business and Commercial Code § 17.505(a) to Defendant, but Defendant did not respond.

83. As a result of Defendant's agents' violations of Tex. Bus. and Com. Code 302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ERIK SALAIZ, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate 227(b) and (c) of the TCPA, and § 302.101 and § 305.053 of the Texas Business and Commerce;

C. An order declaring that Defendants' conduct was willful and knowing;

D. An award of $1,500 per call in statutory damages arising from § 227(b) for each intentional violation;

E. An award of $1,500 per call in statutory damages arising from §227(c) for each intentional violation;

F. An award of $1,500 in statutory damages arising from each violation of the Texas Business and Commerce code § 305.053;

G. An award of $5,000 in statutory damages arising from each violation of the Texas Business and Commerce code § 302.101;

H. An injunction requiring Defendants to cease all unlawful phone calls;

I. An award of reasonable attorneys' fees and costs; and

J. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: October 3, 2024            Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*